S. W. CULP & COMPANY, Appellants, v. A. J. POWELL, Respondent.

### St. Louis Court of Appeals, January 5, 1897.

1. **Contract in Writing**: ADMISSION OF EVIDENCE TO ALTER, VARY, OR CONTRADICT TERMS OF WRITTEN INSTRUMENT: FRAUD, ACCIDENT, OR MUTUAL MISTAKE. The rule of law forbidding the admission of evidence of oral agreements, made prior to, or contemporaneous with, a written agreement, does not preclude the admission of evidence tending to show that the written agreement in question was fraudulently obtained, or that it resulted from accident or mutual mistake.

2. ———: DECEPTION, OR OVERSIGHT OF AGENT: ACQUIESCENCE OF PRINCIPAL: PRESUMPTION. Even could defendant's signature to the agreement in suit have bound him to its terms in another action by the other party to the agreement, it does not follow that defendant's agent can invoke in his favor a conclusive presumption of acquiescence by defendant in the terms of such agreement, which the testimony tends to show defendant was induced to sign by the deception of his agent, or by the agent's omitting from such agreement certain provisions which he had agreed to insert therein. Such evidence did not tend to alter, vary, or contradict the written agreement, hence, there was no error in its admission.

3. ———: ISSUE: INSTRUCTIONS. In such case, instructions which merely submitted to the jury the issue of fraud or mistake by defendant's agent in the preparation of his contract drawn on behalf of defendant, were, therefore, properly given, and instructions excluding such issue properly refused.

Culp & Co. v. Powell.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

AFFIRMED; Judge BIGGS concurring; Judge BLAND not
sitting.

*Young & Brown* and *J. E. & J. F. Merryman* for
appellants.

The court erred in overruling plaintiff's objections
to defendant's testimony, which was immaterial and
altered and varied the written contract with defendant.
*Lemon v. Lloyd,* 46 Mo. App. 452; *Gelatt v. Ridge,* 117
Mo. 553; *Phiston v. Grove,* 48 Mo. App. 455; *Pearson
v. Carson,* 69 Mo. 97.

The court erred in giving the instructions asked by
defendant, and refusing instructions asked by plain-
tiffs. *Melton v. Dunlop,* 22 Mo. App. 97; *Koehring v.
Muemminghoff,* 61 Mo. 403.

*R. M. Nichols* for respondent.

Section 533, Revised Statutes, 1889, in reference
to the commencement of civil actions "by summons
and without original attachment," was intended to ap-
ply to practice in the circuit court, and not to actions
"commenced by summons" in the justice's court.
*Zachman v. Haak,* 85 Wis. 656.

If the plaintiff had caused an attachment to issue
out of the justice's court, he could not have levied upon
real estate, which he has done in his attachment in aid,
sued out in this court. R. S. 1889, secs. 600, 601, 604.

If an attachment suit can be ingrafted upon a suit
appealed from the justice's court, the original jurisdic-
tion is enlarged, and the cause of action is changed.
R. S. 1889, secs. 604, 6345.

BOND, J.—Defendant is a farmer owning a tract of land of one hundred and forty acres in St. Charles county, Missouri. He wrote a description of his farm and improvements in a book kept by plaintiff, who is a real estate agent, concluding as follows: "Incumbrance $2,400, at six per cent, runs three years. I agree to pay five per cent for selling." On the twelfth of July, 1894, plaintiff prepared a contract, which was signed by defendant and a Miss Simpson, stipulating that defendant should furnish a warranty deed for said farm to Miss Simpson, whereupon she would pay to him $5,600 cash. Defendant testified that he was informed by plaintiff, before this contract was signed, that it contained a provision making the proposed sale subject to the mortgage on his farm, and that it provided for the sale of one hundred and forty acres, more or less, so as to cover a defect in the title to four acres; that owing to his deafness he could not hear the contract when plaintiff read it over, but signed it upon plaintiff's representations as to its contents; that plaintiff refused to allow the defendant to take the contract for examination. The sale proposed by this contract was not completed, owing to defendant's inability to remove the incumbrance and protect the title to four acres of the land. There was evidence tending to show that plaintiff knew the sale was to be made subject to the mortgage. He denied that defendant told him of the defective title as to the four acres before the agreement for the sale had been drawn. Pending the negotiation for completing the executory agreement of July 12, 1894, defendant received a letter from plaintiff dated July 26, 1894, which was written to get defendant to agree to pay plaintiff an excess of $100 over the amount of commissions at five per cent. This letter contained the following passage referring to the defect of title as to the four acres:

"I wrote Mr. Brecker asking him if the title to the four acres could be fixed up so it would stand fire, but he don't seem to answer. One thing certain, if it is not all straight, the man they send up will get on to it. I suppose you know, and if you think it will not show up good, if it will not, how would it be to see the old woman and find if she would as soon drop the four acres, and we take it back at $40 per acre? I would get Miss Taylor to work this. You sign the agreement I sent you and get the letter to me to-morrow, so I can be able to meet with them Saturday. I am satisfied Nichols will bust it up if he can, so we must be fixed for him. Let me know fully in letter to-morrow what you think about the title to the four acres, as I suppose Mr. Brecker knows.        Yours truly,

"S. W. CULP."

This suit was begun before a justice to recover commissions for the sale of defendant's farm at the price of $5,600, or $280. The justice rendered judgment for defendant. Upon plaintiff's appeal to the circuit court, judgment was again given for defendant, from which plaintiff appealed to this court.

There is no rule of law better settled than the one which forbids the adduction of evidence of oral agreements, prior, or cotemporaneous with a written agreement, whereby the terms of the latter are varied, altered, or contradicted. This principle does not, however, preclude evidence tending to show that the written agreement was fraudulently accomplished, or that it resulted from mutual mistake or accident. All the decisions recognize this distinction, and affirm the right of a party to a written agreement to show that it never had any legal existence, on account of fraud or imposition in its procurement. The evidence for

defendant tended to prove that plaintiff, with full knowledge that the farm was mortgaged for three years, and despite instructions to the contrary, prepared the executory agreement for its immediate sale free from all incumbrance; that, when the agreement was thus drawn, plaintiff refused to allow defendant an opportunity to read and examine it at the time or since, and read it so as to deceive defendant as to its contents.

Conceding, for the argument, that defendant's signature to the contract would have bound him to all its terms in an action brought by the other party to the instrument, it by no means follows that DECEPTION, or oversight of agent: acquiescence of principal: presumption. defendant's agent could invoke in his favor a conclusive presumption of acquiescence by defendant in the terms of a written agreement, which the testimony tends to show defendant was induced to sign by the deception of his agent, or as the result of an oversight on the part of the agent in omitting therefrom certain provisions which he had agreed to insert. The trial court took this theory of the case, as is apparent from its ruling in admitting the evidence complained of. There was no error in this ruling. The evidence in question did not tend to alter, vary, or contradict a written instrument. Its evidentiary force as directed solely against the validity in law of an instrument alleged to be founded on fraud, mutual mistake, or accident. Such evidence is always competent. This conclusion disposes of the objection to the instructions given for defendant and refused for plaintiff. The CONTRACT in writing: issue: instructions. former merely submitted the issue to the jury as to fraud or mistake made by the agent in the preparation of the contract drawn on behalf of defendant; they were, therefore, properly

given.   The latter excluded this issue from the jury, and was, therefore, properly refused.

Finding no reversible error in the judgment, it will be affirmed.   Judge BIGGS concurs; Judge BLAND not sitting.